RECEIVED

APR 17 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

APR 17 2008

UNITED STATES OF AMERICA, )
                Plaintiff, )
VS                         )   NO 93 CR 436
                          )   Judge: JOAN B. GOTTSCHALL
JOHN MEBUST,             )
            Defendant. )

08CV2202
JUDGE GOTTSCHALL
MAGISTRATE JUDGE MASON

## Motion for Return of Seized Property

The defendant, John Mebust, Pro se, pursuant to Federal Rules of Criminal Procedure, Rule 41, request this Court enter an order directing the United States Attorney, i.e., Financial Litigation Unit of the U.S. Attorney, to return the $3,482.65 it seized from my 2007 federal tax refund.

On February 19, 2008, I received a letter from the Department of the Treasury, Financial Management Service, informing me the U.S. Attorney Illinois – Northern sent notice to the Department of the Treasury to collect a debt by intercepting any Federal payments made to me, including tax refund. To that end, the U.S. Treasury Department sent the U.S. Attorney – Northern $3,482.65 of my 2007 tax refund. The treasury letter also stated: "The U.S. Department of the Treasury Financial Management Services cannot resolve issues regarding debts with other agencies." (Copy of the treasury letter is attached hereto)

Using the information noted on the Treasury's letter, on February 19, 2008, I called the Financial Litigation Unit of the U.S. Attorney to ascertain what debt I supposedly owed. Ms Wingfield answered the phone for the Litigation unit and at

1

first informed me the debt was an unpaid portion of the fine imposed in the above-entitled case. After explaining to her that I had paid off the entire fine in the case and pleading with her to check the records, she agreed that I had indeed paid off the entire fine but then said the seized funds were accrued interest on the fine. Ms Wingfield said I should contact Assistant U.S. Attorney Melissa Childs to resolve the seizure of my money.

Following Ms Wingfield's advice, and in the interest of judicial economy and to expedite the return of my seized $3,482.65, on February 21, 2008, I sent a seized property claim letter to Assistant U.S. Attorney Melissa Childs seeking the return of my seized $3,482.65. On the same date I sent a similar letter to Ms Wingfield. I attached a copy of this courts March 7, 2006 ruling granting my motion for Modification of my Supervised release. In the letters I sent to Ms Childs and Ms Wingfield I made note that this court found: "inasmuch as Mebust has satisfied all the financial obligations arising from his sentence," the notice to the treasury department and in turn the seizure of $3,482.65 of my money by the Financial Litigation Unit of the U.S. Attorney was wrong and asked for the return of my $3,482.65. (Copies of the letters are attached hereto).

Assistant U.S. Attorney Melissa Childs sent me a letter dated February 26, 2008, in which she denied my request for the return of my seized money. Ms Childs undermined this court's finding that ALL my financial obligations arising from my sentence had been satisfied by claiming this courts order did not address

2

interest accrued on the fine.

Considering Assistant U.S. Attorney Melissa Childs represented the Government during the hearings of my motion for modification of my supervised release and admittedly sought this court's denial of my motion, she should have brought the issue of unpaid interest on the fine to the court's attention then; she didn't. By not making note of it then, and based upon this court's March 6, 2006 wording that All my financial obligations arising from my sentence had been satisfied in its ruling on my Motion for modification of supervised release, the U.S. Attorney's notice to the treasury department and in turn seizure of my money was erroneous and the U.S. Attorney, thru Assistant Childs refusal to return my $3,482.65 is wrong and needs to be corrected.

Therefore, I ask this court for an ORDER directing the U.S. Attorney – Northern, i.e., Financial Litigation Unit of the U.S. Attorney to return my $3,482,65 to me.

Respectfully,

*John Mebust* (signature)

John Mebust
3032 W. Belden Ave.
Chicago, Illinois  60647
(773) 723-7315

Dated April 13. 2008

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
P.O. BOX 1686
BIRMINGHAM, ALABAMA 35201-1686

**THIS IS NOT A BILL - PLEASE RETAIN FOR YOUR RECORDS**

Dear   JOHN E MEBUST:

As authorized by Federal law, we applied all or part of your Federal payment to a debt you owe. The government agency (or agencies) collecting your debt is listed below.

U.S. ATTORNEY ILLINOIS - NORTHERN
ATTN: FINANCIAL LITIGATION UNIT
EVERETT MCKINLEY DIRKSEN
CHICAGO      IL606041702

312) 353-3736      (800) 255-3545
PURPOSE: Non-Tax Federal Debt

TIN Num: 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
TOP Trace Num: A43175656
Acct Num: ILN 1995A63320001
Amount This Creditor:      $3482.65
Creditor: 09      Site: 00

The Agency has previously sent notice to you at the last address known to the Agency. That notice explained the amount and type of debt you owe, the rights available to you, and that the Agency intended to collect the debt by intercepting any Federal payments made to you, including tax refunds. If you believe your payment was reduced in error or if you have questions about this debt, you must contact the Agency at the address and telephone number shown above. The U. S. Department of the Treasury's Financial Management Service cannot resolve issues regarding debts with other agencies.

We will forward the money taken from your Federal payment to the Agency to be applied to your debt balance; however, the Agency may not receive the funds for several weeks after the payment date. If you intend to contact the Agency, please have this notice available.

U. S. Department of the Treasury
Financial Management Service
(800) 304-3107
Telecommunications Device for the Deaf (TDD) (866) 297-0517

**PAYMENT SUMMARY**
PAYEE NAME:   JOHN E MEBUST
PAYMENT BEFORE REDUCTION:      $4047.00
TOTAL AMOUNT OF THIS REDUCTION:      $3482.65
PAYING FEDERAL AGENCY: Internal Revenue Service
(See Insert on Tax Refund Offsets for Additional Information)

PAYMENT DATE: 02/15/08
PAYMENT TYPE: Check

FOR OFFICIAL USE ONLY:   0000000039 A431756563324497630002145921S TAX-P01JOHN000039
4500 52912746 20184904 130 0MEBU KANS CYTAX REFUND

RC0506

Assistant United States Attorney Melissa Childs
Everett McKinley Dirksen Building
219 S. Dearborn Street
Chicago, Illinois 60604-1702         February 21, 2008

Re: <u>SEIZED PROPERTY CLAIM</u>

Instead of receiving my federal tax refund the treasury department sent me a letter, dated 02/15/08, stating the Financial Litigation Unit of the U.S. Attorney Illinois – Northern sent a notice to the treasury department to collect a debt it claimed I owed by intercepting any Federal payments made to me, including tax refunds. The letter shows the treasury department sent $3482.65 of my refund to the Financial Litigation Unit of the U.S. Attorney Illinois – Northern.

As directed in the letter, I called the U.S. Attorney Illinois at (312) 353-3736 to ascertain what debt I supposedly owed. I spoke to a Ms Wingfield, who informed me the debt was the unpaid balance of the fine imposed upon me in 93 CR 436. After explaining to Ms Wingfield that I had paid off the entire fine she dug up the records for 93 CR 436 and found that I had in deed paid off the entire $5000 fine in 2005. At that point in our conversation, she said the debt was accrued interest on the fine. After reviewing my J & C Order she said that interest on the fine was not imposed by Judge Williams and didn't appear to be right but she didn't have the authority to refund my $3482.65. She said that since you were the last Assistant Attorney in the case I should contact you to resolve the seizure of my money.

To expedite the return of my $3482.65 and in the interest of judicial economy, I've attached a copy of the letter the treasury department sent me and copies of the sentencing transcripts so there can be no mistake that when Judge Ann Williams imposed my fine in 93 CR 436 she did NOT impose interest on the fine. **Moreover, by reading Judge Gottschall's ruling dated 3/7/2006, in which she stated: "inasmuch as Mebust has satisfied all the financial obligations arising from his sentence" the letter to the treasury department and the seizure of $3482.65 of my money by the Financial Litigation Unit of the U.S. Attorney was erroneous. (Copy of Judge Gottschall's ruling is attached)**

With the aforementioned documentation proving the seizure of my money was counterfactual in your hands I am expecting you to obtain the return of my $3482.65 within 30 days of receipt of this letter.

Thank you,

John Mebust
3032 W. Belden Ave.
Chicago, Illinois 60647
(773)732-7315

U.S. Attorney Illinois Northern
Attn: Financial Litigation Unit Ms Wingfield
Everett McKinley Dirksen Building
219 S. Dearborn Street
Chicago, Illinois 60604-1702                    February 21, 2008

Re: <u>SEIZED PROPERTY CLAIM</u>

As you may recall from our phone conversation on 2/19/08, instead of receiving my federal tax refund the treasury department sent me a letter, dated 02/15/08, stating the Financial Litigation Unit of the U.S. Attorney Illinois – Northern sent a notice to the treasury department to collect a debt it claimed I owed by intercepting any Federal payments made to me, including tax refunds. The letter shows the treasury department sent $3482.65 of my refund to the Financial Litigation Unit of the U.S. Attorney Illinois – Northern.

As directed in the letter, I called the U.S. Attorney Illinois at (312) 353-3736 to ascertain what debt I supposedly owed. You answered the phone and informed me the debt was the unpaid balance of the fine imposed upon me in 93 CR 436. After explaining to you that I had paid off the entire fine you dug up the records for 93 CR 436 and found that I had in deed paid off the entire $5000 fine in 2005. At that point in our conversation, you said the debt was accrued interest on the fine. After reviewing my J & C Order you said that interest on the fine was not imposed by Judge Williams and didn't appear to be right but you didn't have the authority to refund my $3482.65. You said that since the last Assistant Attorney in the case was Melissa Childs she is the person to obtain the return of my money. You then asked that I send you a copy of the treasury letter and any other papers I had that demonstrated that when Judge Ann Williams imposed the fine in 93 CR 436 she did not impose interest on the fine.

To that end, to expedite the return of my $3482.65, and in the interest of judicial economy, I've attached a copy of the letter the treasury department sent me and copies of the sentencing transcripts so there can be no mistake that when Judge Ann Williams imposed my fine in 93 CR 436 she did NOT impose interest on the fine. Moreover, by reading Judge Gottschall's ruling dated 3/7/2006, in which she stated: "inasmuch as Mebust has satisfied all the financial obligations arising from his sentence" the letter to the treasury department and the seizure of $3482.65 of my money by the Financial Litigation Unit of the U.S. Attorney was erroneous. (Copy of Judge Gottschall's ruling is attached)

With the aforementioned documentation proving the seizure of my money was counterfactual in your hands I am expecting you to obtain the return of my $3482.65 within 30 days of receipt of this letter.

Thank you,

John Mebust
3032 W. Belden Ave.
Chicago, Illinois 60647
(773)732-7315

Order Form (01/2005)

## United States District Court, Northern District of Illinois

COPY

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 93 CR 436 - 1 | DATE | 3/7/2006 |
| CASE TITLE | | USA vs. John Mebust | |

**DOCKET ENTRY TEXT**

Petitioner John Mebust was sentenced on January 6, 1995 for a number of weapons offenses to 151 months in the custody of the Attorney General, 3 years supervised release, a $5000 fine and a special assessment of $350. Mebust has served his time in custody, having been released from the Bureau of Prisons on approximately June 26, 2004, and has paid his fine and special assessment. He has completed a few months less than two years of his supervised release. Mebust now seeks to terminate his remaining period of supervised release on the grounds that being on court supervision makes it virtually impossible for him to pursue his livelihood as a truck driver since his job requires him to make frequent trips into Canada and his status as a convicted offender on supervision impairs his ability to clear Canadian customs.

The Assistant United States Attorney in this case made a number of phone calls to attempt to verify Mebust's account of the difficulties he has encountered crossing the border due to his supervised release status. The evidence was not clear, although it appeared that if Mebust's supervised release did not make it impossible for him to perform his truck-driving duties, it added to his difficulties. Mebust, as a convicted felon, cannot enter Canada without permission. The government's information indicates that his felony conviction, not his supervised release, is the problem. Mebust counters that as long as he is on supervised release, a request for permission will be automatically denied. Since Mebust cannot enter Canada without permission, it is possible that nothing this court can do will affect his ability to travel there. On the other hand, Mebust's claim that he has a better chance of receiving permission once his period of supervised release is over makes sense.

The Probation Officer reports that Mebust's adjustment to supervision has not been "exemplary," as Mebust claims, but has, for the most part, been satisfactory. Most important, the Probation Officer reports, Mebust has not been arrested for committing additional crimes, has been drug-free (as far as the Probation Office's drug tests reveal), and has been steadily employed.

The court views the case as a close one, largely due to the seriousness of the crimes of which Mebust was convicted and his less-than-perfect adjustment to supervision. Nevertheless, inasmuch as Mebust has satisfied all the financial obligations arising from his sentence, served his lengthy term of incarceration and obtained regular gainful employment, the court is of the view that another year of supervision is less important to the long-term goals of Mebust's sentence than facilitating his continued employment. Accordingly, the court grants the Motion for Modification of Mebust's Supervised Release [269-1] and terminates supervision, as of the date of this order.

Docketing to mail notices.

| | Courtroom Deputy Initials: | cj |
|---|---|---|

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>VS<br><br>JOHN MEBUST,<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | NO 93 CR 436<br><br>Judge: JOAN B. GOTTSCHALL |

## NOTICE OF FILING

**PLEASE TAKE NOTICE** that the defendant, John Mebust, has filed with the Court, MOTION for **RETURN OF SEIZED PROPERTY**, to be heard Thursday April 24, 2008, or as soon thereafter as possible.

## CERTIFICATE OF SERVICE

This is to certify, under penalty of perjury, that on April 13, 2008, I, John Mebust, place copies of "Notice of Filing, and Motion for Return of Seized Property" in a U.S. Mail box, with the proper postage, addressed to the plaintiff:

Melissa A. Childs
Assistant U.S. Attorney
Dirksen Federal Courthouse
219 S. Dearborn Street, Fifth Floor
Chicago, Illinois 60604

April 3, 2008

*/s/ John Mebust*
John Mebust
3032 W. Belden Ave.
Chicago, Illinois 60647

1